UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


DARRENLYN WILLIAMS, THE
NATURAL MOTHER TO MINOR K.S.                          PLAINTIFF

VS.                          CIVIL ACTION NO. 3:23-cv-3142-TSL-RPM

WALMART STORES EAST, LP
FACILITY (#903), YOLANDA
CUSHINBERRY, IN HER OFFICIAL
CAPACITY, AND JOHN DOES 1-10                          DEFENDANTS


MEMORANDUM OPINION AND ORDER

Plaintiff Darrelyn Williams, the natural mother to minor K.S., has filed in this case a motion to remand, a motion to amend and an amended motion to amend.[1]  Defendant Walmart Stores East LP (Walmart) has responded to these motions.  The court, having considered the memoranda of authorities submitted by the parties, concludes that plaintiff's motion to remand should be denied; the motion to amend should be granted in limited part; and the second motion to amend to add plaintiff's new address should be granted.

Pleadings and Proceedings

On June 29, 2023, plaintiff filed her complaint against Walmart in the Circuit Court of Hinds County, Mississippi, for

---

[1]   The Court refers to Darrenlyn Williams as "plaintiff" as she is appearing in the action as the representative of her minor child.

1

and on behalf of her minor child, K.S., for injuries sustained
when a store locator sign fell and struck K.S. while plaintiff
and K.S. were shopping at a Jackson Walmart store.  In the
complaint, plaintiff alleged the following facts:

> Per the Customer Incident Report, … as the plaintiff
> and her mother were standing near the school supply
> aisle, speaking with a Walmart sales associate –
> Jasmine Course.  Then suddenly and without
> provocation, the Walmart store locator sign suddenly
> fell and hit the plaintiff in her head.  Yolanda
> Cushinberry, Walmart employee, drafted and signed
> Customer Incident Report.

> The alleged locator sign was not hanging in the
> manner, to which, the plaintiff knew or should have
> known that the sign had a potential to fall down.  Nor
> did the Plaintiff interact with the sign to make it
> come down.

Plaintiff alleged Walmart was negligent, stating:

> At the time of this incident, the Defendant possessed
> a duty of ordinary care to maintain a proper[ly]
> managed facility.  Defendant was negligent in [that
> it] failed to posses[s] and exercise its ordinary duty
> to care to effectively, efficiently, and properly
> determine [i]f the faculty is safe manner for invitees
> to shop.  It is clear that Defendant breached its
> duties and was negligent in failing to do what a
> reasonable, prudent business/store owner would have
> done under these circumstances.

> . . . Defendant owed a duty to the Plaintiff: a. To
> inspect the premises, and b. To make the premises
> safe[.]

> To this end, Defendant failed to inspect the premises
> for items that hang from the store.  There should be
> daily, weekly, monthly or yearly inspection of hanging
> items to ensure they are safe and secure.

> Defendants further failed to make the premises safe
> [by] failing to monitor locator signs that are located
> throughout the store.  It's very reasonable that a

2

sign, will eventually fall if it is not part of the
maintenance plan.

Walmart filed its answer on July 14, and three days later,
on July 17, 2023, plaintiff filed an amended complaint, adding
as a defendant "Yolanda Cushinberry, In her official capacity,
Store manager of the Walmart [store] at the time of the
incident."  In all other respects, the amended complaint was
identical to the original complaint.

Walmart's answer to the amended complaint, filed July 27,
included a motion to dismiss/strike the amended complaint
because it was filed in violation of Mississippi Rule of Civil
Procedure 15(a), which requires leave of court to file an
amended complaint once an answer has been filed, and Rule 21,
which requires leave of court to add new defendants by
amendment.  On November 27, 2023, Walmart removed the case to
this court based on diversity jurisdiction after receiving
plaintiff's responses to interrogatory requests and requests for
admissions demonstrating she was seeking more than $75,000 in
damages, the threshold for diversity jurisdiction.  See 28
U.S.C. § 1332 (stating that district courts have original
jurisdiction over a civil action where complete diversity exists
and the amount in controversy exceeds the sum of $75,000,
exclusive of interest and costs).

Following removal, plaintiff contemporaneously filed motions to remand and to amend.  Plaintiff argues in her motion to remand that complete diversity of citizenship is lacking and remand is thus required because her July 17, 2023 amended complaint "integrated Walmart's local actors, Jasmine Course and Yolanda Cushinberry," who, like her, are Mississippi citizens.[2] At the same time, she filed a separate motion to amend, seeking "to add two new Defendants that were employed by Walmart on the day of incident[,] Jasmine Course and Yolanda Cushinberry," who she argues "were significantly involved in the incident [as] Ms. Course witnessed the incident and Yolanda Cushinberry was the manager at the time of the incident."  She explains that she wants to add these individuals as defendants because she "believes that, along with the original Defendants, these new Defendants engaged in practices that may have contributed to the negligence."  Except for the addition of Jasmine Course as a named defendant, the substantive allegations of the proposed

---

[2]    Plaintiff alleges in her complaint, her state court amended complaint and her proposed second amended complaint that she is a Mississippi resident and Walmart is a citizen of Delaware and Arkansas.  For purposes of evaluating plaintiff's motion to remand and her first motion to amend, the court assumes that plaintiff is a citizen of Mississippi.  See *infra* pp. 13-15 for discussion of plaintiff's amended motion to amend.
     Plaintiff does not dispute that the $75,000 amount in controversy requirement is satisfied.
     Plaintiff has also named John Doe defendants, but "the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b).

amended complaint are identical to her amended complaint filed in state court on July 17, 2023.[3]

<u>Motion to Remand – Improper Joinder</u>

The issue presented by plaintiff's motion to remand is whether Yolanda Cushinberry is properly named as a defendant.[4] In the court's opinion, she is not.

In determining whether there is complete diversity of citizenship, the court disregards the citizenship of any party that is not properly joined.  See <u>Flagg v. Stryker Corp.</u>, 819 F.3d 132, 136 (5th Cir. 2016) (en banc) ("[I]f the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter

---

[3]    The proposed amended complaint deletes the allegations pertaining to the state court's "jurisdiction and venue," and in the damages section, adds a list of the types of damages plaintiff is seeking.  Walmart has not opposed these proposed amendments, which will be allowed.

[4]    Contrary to the parties' assertions, Jasmine Course was not named as a defendant in plaintiff's July 17, 2023 amended complaint, making her citizenship irrelevant for purposes of plaintiff's remand motion.

Cushinberry was not named as a defendant in the original complaint but was named in the amended complaint.  Walmart suggests in its response to the remand motion that Cushinberry was not, or may not have been *effectively* added as a defendant because plaintiff filed her amended complaint without leave of court and never had summons issued for Cushinberry.  The court will address the pending motions as though the amendment adding Cushinberry was effective, notwithstanding the pendency of the motion to strike and the fact that Cushinberry had not been served as of the time of removal.

jurisdiction over the remaining diverse defendant."). Improper joinder can be established either by showing (1) that there is actual fraud in the pleading of jurisdictional facts or (2) that the plaintiff is unable to establish a cause of action against the resident defendant. <u>Smallwood v. Illinois Cent. R. Co.</u>, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The removing party has the burden to prove improper joinder. <u>Carriere v. Sears, Roebuck and Co.</u>, 893 F.2d 98, 100 (5th Cir. 1990). The issue for the court's consideration is plaintiff's ability to establish a cause of action against Cushinberry. On this issue,

> the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

<u>Smallwood</u>, 385 F.3d at 573 (quoting <u>Travis v. Irby</u>, 326 F.3d 644, 648 (5th Cir. 2003)). "If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder. This *possibility, however, must be reasonable, not merely theoretical*." <u>Travis</u>, 326 F.3d at 648 (quoting <u>Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.</u>, 313 F.3d 305, 312 (5th Cir. 2002)) (emphasis in original) (quotations omitted).

A district court typically will evaluate whether a plaintiff has a reasonable basis for recovery against a non-diverse defendant by conducting a Rule 12(b)(6)-type analysis, looking at the allegations of the complaint to determine whether it states a claim under state law against the non-diverse defendant.  Smallwood, 385 F.3d at 573.  A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007).  On this point, the Supreme Court explained in Twombly that to state a claim under Rule 12(b)(6), it is not enough to allege facts that are merely consistent with a finding that the defendant violated the law; rather the complaint must allege enough facts to move beyond mere possibility to plausibility of plaintiff's entitlement to relief against the defendant.  Id. at 557.  "To raise a right to relief, the complaint must contain either direct allegations or permit properly drawn inferences to support 'every material point necessary to sustain a recovery.'"  Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill, 561 F.3d 377, 384 (5th Cir. 2009) (quoting Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995)).  "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."  Smallwood, 385 F.3d at 573.  The negative corollary

of this statement is that if a plaintiff's claims against a non-diverse defendant cannot survive a Rule 12(b)(6) analysis, a finding of improper joinder will follow.  <u>Martinez v. Overnight Parts Alliance, LLC</u>, Civ. Action No. 3:20-CV-541-TSL-RPM, 2020 WL 5983889, at *3 (S.D. Miss. Oct. 8, 2020) (citing <u>Druker v. Fortis Health</u>, Civ. Action No. 5:06-cv-00052, 2007 WL 38322, *7 (S.D. Tex. Jan. 4, 2007)).

Plaintiff's amended state court complaint does not contain a single factual allegation to support a cause of action against Cushinberry.  The complaint alleges nothing more than that Cushinberry filled out the incident report and was the Walmart store manager on duty when the sign fell and struck K.S.  The negligence allegations are directed expressly and exclusively against the "store owner," Walmart.  Plaintiff alleges that there should have been a maintenance plan in place that included monitoring of the signs hanging throughout the store and "daily, weekly, monthly or yearly inspections of hanging items to ensure they are safe and secure," and she alleges that Walmart was negligent in failing to monitor its hanging signs and to conduct inspections.  But there is no allegation that Cushinberry, as the store manager on duty when the sign fell, did or failed to do anything that would have amounted to negligence.  There is no allegation that as manager on duty, she was responsible for developing a maintenance plan for the building or that she had

any role in or responsibility for monitoring or conducting "daily, weekly, monthly or yearly" inspections of items hanging from the store ceiling.  Moreover, there is no allegation that she otherwise knew or had reason to know that anything was amiss with the sign.  On the contrary, plaintiff alleges that the sign "was not hanging in [a] manner" that would have given notice that it had the "potential to fall down."

In Smith v. Petsmart, Inc., the Fifth Circuit found that "Mississippi law is unclear on the issue of whether a store manager, in addition to a store owner, can be personally liable in premises liability cases."  278 Fed. Appx. 377, 380, 2008 WL 2062257, at *2 (5th Cir. 2008) (citations omitted) (Mississippi Supreme Court has held that "the owner, occupant, or person in charge of premises" owes duty of care to invitee but unclear whether store manager can have personal liability).  The court thus held in Petsmart that because state law on the issue is unclear, and because improper joinder analysis requires that all uncertainties in state law be resolved in favor of the nonmoving party, then federal courts in Mississippi must assume that under Mississippi law a store manager may qualify as a "person in charge of premises."  Id.  However, "both before and after the Fifth Circuit's decision in Petsmart, . . . district courts interpreting Mississippi law, have found that a manager or administrator must be shown to have been negligent in some way

9

to bear individual liability." Splain v. Kroger Ltd. P'ship, I, Civ. Action No. 3:11-CV-711-HTW-LRA, 2012 WL 13075554, at *3 (S.D. Miss. May 15, 2012) ("[A]t a minimum, the store manager must have set in motion the cause of the injury through some negligent conduct on his part.") (citing Doss v. NPC Internat'l, Inc., 2010 WL 179153, *5 (N.D. Miss. April 29, 2010); Womack v. Dollar General Corp., 2008 WL 695244, *3 (S.D. Miss. March 12, 2008) (Wingate, J.); Mims v. Renal Care Group, Inc., 399 F. Supp. 2d 740, 744-45 (S.D. Miss. 2005)).

Unlike cases such as Petsmart and numerous other cases that have been remanded by district judges in accordance with Petsmart based on the presence of a resident/non-diverse store manager, plaintiff's complaint herein does not allege any act or omission on the part of Cushinberry that allegedly may have caused or contributed to K.S.'s injury. Cf. Smith, 278 Fed. Appx. at 380 (plaintiff who tripped on forklift in store aisle alleged that store manager "was negligent for failing to maintain the store properly and avoid the existence of hazards, failing to provide a safe premises for customers, failing to warn of the hazard, failing to place warning signs near the hazard, and failing to control and supervise employees"). It bears repeating that plaintiff originally sued only Walmart, alleging negligence by Walmart, as the "store owner." Her amended complaint did nothing more than add Cushinberry.

Otherwise, it was the exact complaint she originally filed, which did not include any allegations implicating Cushinberry in causing K.S.'s injury.  As the amended complaint likewise fails to state a claim against Cushinberry, she is not properly joined and her citizenship is thus disregarded in determining whether there is complete diversity of citizenship.  And since Walmart and plaintiff are of diverse citizenship, there is federal diversity jurisdiction and plaintiff's motion to remand will be denied.

Motion to Amend

Plaintiff has moved to amend to add "two [non-diverse] defendants," Yolanda Cushinberry (who was already named as a defendant, albeit improperly, in the state court amended complaint) and Jasmine Course.[5]  A plaintiff's motion to amend to add a non-diverse defendant after removal is governed by 28 U.S.C. § 1447(e), which provides that "[i]f after removal plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court."  In Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir.

---

[5]   Plaintiff also seeks by this proposed amendment to remove two original counts and other references in the original complaint pertaining to civil penalties.  Walmart has not objected to this aspect of the motion.

1987), the Fifth Circuit instructed that a district court faced with an amended pleading naming a new non-diverse defendant in a removed case "should scrutinize that amendment more closely than an ordinary amendment," and in deciding whether to permit the amendment, "should consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." Id. at 1182. Those factors are "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Id.

As this court has previously recognized, "[t]he conclusion that the plaintiff has no valid cause of action against the proposed defendants naturally leads to the conclusion that the proposed defendants may not be joined in this action, and the other Hensgens factors need not be considered." Webster v. Jackson HMA LLC, Civ. Action No. 3:19-cv-21TSL-RHW, 2019 WL 1983256, at *2 (S.D. Miss. May 2, 2019) (quoting McKnight v. Orkin, Inc., No. Civ. Action No. 5:09CV17DCBJMR, 2009 WL 2367499, at *3 (S.D. Miss. July 30, 2009). See also Allen v. Walmart Stores, L.L.C., 907 F.3d 170, 186 (5th Cir. 2018) (stating that plaintiff's "failure to state a plausible claim would outweigh the other Hensgens factors"); Pruitt v. Invacare

12

Corp., No. 2:13CV293-TSL-JCG, 2014 WL 5465342, at *9 (S.D. Miss. Oct. 28, 2014) (finding it unnecessary to further address Hensgens factors where plaintiff's proposed amendment was due to be denied as futile, i.e., for failure to state a viable claim for relief).

As stated, except for the addition of Jasmine Course as a defendant, plaintiff's proposed amended complaint is substantively identical to her original and amended state court complaints. Thus, plaintiff's proposed amended complaint, like her amended complaint, does not state a viable cause of action against Cushinberry. Moreover, the proposed amended complaint plainly does not state a cognizable claim against Jasmine Course as the sole allegation regarding Jasmine in plaintiff's original, amended and proposed amended complaints is that she was a Walmart store associate who was speaking with plaintiff and her daughter when the sign fell. This is obviously no basis for any cause of action against her. Plaintiff's motion to amend, therefore, will be denied.

### Amended Motion to Amend

In her original and amended state court pleadings, plaintiff alleged she was an adult resident citizen of Hinds County, Mississippi. In response to her motion to remand, Walmart argued that even if Cushinberry had been properly

joined, there is still complete diversity of citizenship because at the time plaintiff filed her complaint, she was a resident of Texas, as evidenced by medical records for K.S. reflecting a Texas address.  In her amended motion to amend by which plaintiff seeks to add her new Mississippi address, plaintiff explains that she resided in Mississippi when the accident occurred but resided in Texas temporarily, while K.S. was receiving medical treatment for injuries received in the incident at Walmart; and she has now moved back to Mississippi.

Diversity jurisdiction is based on the parties' *citizenship*, not on where they reside.  See Coury v. Prot, 85 F.3d 244, 251 (5th Cir. 1996); Veranda Assocs., L.P. v. Hooper, 496 Fed. Appx. 455, 457 (5th Cir. 2012) (party's citizenship for diversity jurisdiction purposes means permanent residence in a particular state with the intention of remaining).  As the party asserting diversity jurisdiction, it is Walmart's burden to establish there is complete diversity of citizenship.  Here, Walmart has shown only that plaintiff *resided in* Texas when the complaint was filed; it has not demonstrated that she was a *citizen* of Texas at that time.  In any event, however, given the court's conclusion, first, that complete diversity exists because Cushinberry was improperly joined and, second, that plaintiff should not be allowed to amend to add Cushinberry or Course as a defendant, it follows that there is complete

14

diversity of citizenship regardless of whether plaintiff is a citizen of Mississippi or of Texas.  The amended motion to amend will be granted.

Conclusion

Based on the foregoing, it is ordered that plaintiff's motion to remand is denied and Cushinberry is therefore dismissed without prejudice.[6]  It is further ordered that plaintiff's motion to amend is denied to the extent she seeks to add Cushinberry and/or Course as defendants, but it is otherwise granted.  Finally, her amended motion to amend is granted.  It is further ordered that plaintiff shall have seven days to file an amended complaint consistent with the court's rulings herein.

SO ORDERED this 21st day of February, 2024.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[6]See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd., 818 F.3d 193, 210 (5th Cir. 2016) (dismissal of a nondiverse party over whom the court does not have jurisdiction is effectively a dismissal without prejudice).